UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X

MEDIEN PATENT VERWALTUNG AG,

                     Plaintiff,      <u>MEMORANDUM</u> OPINION AND
                                            <u>ORDER</u>

      -against-                  10 Civ. 4119 (MGC)


WARNER BROS. ENTERTAINMENT, INC.,
TECHNICOLOR INC., and DELUXE
ENTERTAINMENT SERVICES GROUP, INC.,

                 Defendants.

--------------------------------X

APPEARANCES:

         GARBARINI LAW GROUP P.C.
         Attorneys for Plaintiff
         501 Fifth Avenue, Suite 1708
         New York, New York 10017

         By:  Richard M. Garbarini, Esq.
              Bradley S. Corsello, Esq.

         MORRISON & FOERSTER LLP
         Attorneys for Defendants Warner Bros. Entertainment,
         Inc. and Technicolor Inc.
         1290 Avenue of the Americas
         New York, New York 10104

         By:  Karen L. Hagberg, Esq.

         555 West Fifth Street, 35th Floor
         Los Angeles, California 90013

         By:  Vincent J. Belusko, Esq.
              Brian F. McMahon, Esq.
              Alex S.F. Yap, Esq.


         GREENBERG TRAURIG, LLP
         Attorneys for Defendant Deluxe Entertainment Services
         Group, Inc.
         200 Park Avenue

New York, New York 10166

By:  Julie Bookbinder, Esq.

**Cedarbaum, J.**

This is a suit for willful patent infringement brought by Medien Patent Verwaltung AG ("MPV"), a business organized under Swiss law.  MPV holds both a European and a U.S. patent on a method of branding a film print with a unique audio code that allows any unauthorized copies to be traced back to the theater to which that print was originally distributed.  Two of the defendants, Warner Bros. and Technicolor (together, "the movants"), have moved under 28 U.S.C. § 1404(a) for transfer of venue to the Central District of California.[1]  For the reasons that follow, the motion to transfer is denied.

Section 1404(a) permits a district court to transfer a civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  In applying this provision, the court is to consider "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative

---

[1] Defendant Deluxe Entertainment Services Group has not objected to the trial of this suit in the Southern District of New York.

2

facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal brackets omitted).   It is settled law in this Circuit that "the party requesting transfer carries the 'burden of making out a strong case for transfer.'" N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)). District courts have broad discretion in evaluating the strength of a movant's case, and "notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., 462 F.3d at 106.

The movants here have not carried their burden.   In considering a motion to transfer, the plaintiff's choice of forum is generally afforded great weight.  Id. at 107.  This deference stems from the presumption that a plaintiff selects a forum based on convenience.  See Iragorri v. United Techs. Corp., 274 F.3d 65, 71 (2d Cir. 2001) (en banc).[2]  According to the movants, a foreign plaintiff should always be given less deference in its choice of forum than a domestic plaintiff suing in its home district.  But the deference due depends on the facts of the

---

[2] Although Iragorri dealt with forum non conveniens, its reasoning is equally applicable to determinations of convenience under § 1404(a).

individual case: "[t]he more it appears that a domestic or foreign plaintiff's choice of forum has been dictated by reasons that the law recognizes as valid, the greater the deference that will be given to the plaintiff's forum choice." Id. at 71-72. It is true that, in many cases, a foreign plaintiff's chosen forum in the United States will not be any more discernibly convenient than the alternatives and, as a result, will not merit a presumption to the contrary. Here, however, MPV has articulated several legitimate reasons for selecting the Southern District of New York, including the ease and expense of travel from Europe and the location of its preferred counsel. Moreover, the movants have not proffered any evidence that MPV had an improper motive in choosing this forum.

Nor have the movants overcome the presumption in MPV's favor by showing that the chosen forum is inconvenient. They first assert that any potential witnesses with knowledge concerning the infringement claim would be located in Southern California. Generally, "[w]hen a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." ESPN, Inc. v. Quicksilver, Inc., 581 F. Supp. 2d 542, 550 (S.D.N.Y. 2008) (citing Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d

579, 585-86 (2d Cir. 1990)).  Mindful of this requirement of specificity, the movants assert that "[w]ithout a more definitive statement of the domestic activity comprising the grounds for MPV's patent infringement allegations, the identification of potential witnesses and a characterization of their testimony is a practical impossibility."  (Reply to Pl.'s Mem. Law Opp'n to Mot. Transfer 7-8) (emphasis omitted).  According to the movants, a good-faith representation that all potential witnesses reside in California ought to suffice.[3]  But even if this vagueness is excusable, the movants have still not represented that these California-based witnesses--whoever they may be--would include anyone other than the movants' own employees.  "[E]mployees of the parties will, as a practical matter, be available in any venue by virtue of the employment relationship".  <u>Race Safe Sys., Inc. v. Indy Racing League</u>, 251 F. Supp. 2d 1106, 1111 (W.D.N.Y. 2003).  Furthermore, the movants are not likely to suffer any unusual expense or inconvenience in transporting their own employees to New York City.  The location of these unnamed witnesses thus fails to justify transfer of venue.

The movants next suggest that relevant documents may be located in California.  This factor bears little weight, however,

---

[3] Somewhat inconsistently, after denying their ability to identify their witnesses at one point in their reply brief, the movants also contend in the ensuing paragraph that the list of individuals included in their Rule 26 disclosures should function as a witness list supporting a motion to transfer venue.

as there is nothing to suggest that those documents could not be easily produced in New York.

Finally, the movants argue that the locus of operative facts is in California.  But although much of the allegedly infringing activity occurred in California, it is not the exclusive locus of operative facts in this case.  "Operative facts in a patent infringement action include facts relating to the design, development, and production of a patented product."  Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F.Supp.2d 370, 375 (S.D.N.Y. 2006).  According to the amended complaint, these facts relate to actions undertaken in Germany, not in California.

Moreover, MPV alleges that Warner Bros. first learned about the invention at a 2003 meeting in Potsdam at which the invention was confidentially disclosed.  Noting that actions taken abroad do not generally constitute infringement under the Patent Act, Microsoft Corp. v. AT & T Corp., 550 U.S. 437, 441, 127 S. Ct. 1746, 1750, 167 L. Ed.2d 737 (2007), the movants contend that such a meeting is legally immaterial.  But the fact that events occurring abroad could not by themselves trigger liability does not make those events irrelevant to a claim of infringement in the United States.  In their answers, all defendants have asserted that they intend to raise obviousness as a defense to infringement under 35 U.S.C. § 103.  Evidence of deliberate copying of a patented invention may rebut such a defense.

Diversitech Corp. v. Century Steps, Inc., 850 F.2d 675, 679 (Fed. Cir. 1988). As a result, the Potsdam meeting may be relevant in determining liability. Additionally, MPV accuses Warner Brothers of willful infringement, which carries the possibility of treble damages under 35 U.S.C. § 285. If infringement is established, the allegations concerning the Potsdam meeting may play a large role in determining willfulness.

That California is not the sole locus of operative facts weakens the case for transferring venue there. Indeed, this case's transatlantic fact pattern further contributes to the convenience of adjudicating the dispute in New York. MPV intends to introduce testimony from the patented invention's German creator as well as a number of German witnesses who claim to have been present at the meeting in Potsdam. New York would be the more convenient forum for these witnesses, just as it would be for MPV itself.

For the foregoing reasons, MPV's choice of forum should not be disturbed. The motion to transfer venue under § 1404(a) is denied.

SO ORDERED.

Date: New York, New York
October 19, 2010

S/_____
MIRIAM GOLDMAN CEDARBAUM
United States District Judge