IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDIEN PATENT VERWALTUNG AG,<br><br>        Plaintiff,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., TECHNICOLOR INC. and DELUXE ENTERTAINMENT SERVICES GROUP INC.,<br><br>        Defendants. | Civil Action No. 1:10-cv-04119-CM<br><br>JURY TRIAL DEMANDED |

**JOINT CLAIM CONSTRUCTION STATEMENT**

Pursuant to the Court's Order of March 18, 2011, Plaintiff Medien Patent Verwaltung AG ("MPV") and Defendants Warner Bros. Entertainment Inc. ("WB"), Technicolor Inc. ("Technicolor"), and Deluxe Entertainment Services Group Inc. ("Deluxe") (collectively, "Defendants") respectfully submit their Joint Claim Construction Statement.

**I.    ASSERTED PATENT CLAIMS**

MPV asserts against Defendants claims 3, 4, 7, 11, 12, 15, 19, 20, and 22 – 25 of United States Patent No. 7,187,633 ("the '633 patent").

**II.    UNDISPUTED CLAIM TERMS AND PROPOSED CLAIM CONSTRUCTIONS**

Chart A below sets forth claim terms of the '633 patent that are undisputed but for which the parties propose a specific construction. The parties agree that all other undisputed claim terms of the '633 patent should be accorded their plain and ordinary meaning as understood by a person of ordinary skill in the pertinent art.

| CHART A – UNDISPUTED CLAIM TERMS OF THE '633 PATENT | | |
|---|---|---|
| No. | Claim Term | Proposed and Agreed Construction |
| 1. | **"reproduction"** (Claims 3, 4, 7, 11, 12, 15, 19, 20, 22-25) | "playback or presentation in a perceivable manner" |
| 2. | **"individualizes the medium"** (Claims 3, 4, 7); **"individualize the medium"** (Claims 11, 12, 15); **"individualizing the medium"** (Claims 19, 20, 22-25) | "permits the identification of the medium" |
| 3. | **"sound track"** (Claims 7, 15, 24, 25) | "portion of the medium containing sound information" |

### III. DISPUTED CLAIM TERMS AND PROPOSED CLAIM CONSTRUCTIONS

Chart B below sets forth the disputed claim terms of the '633 patent and each party's proposed claim construction for, or position with respect to the need to construe, the disputed claim terms. In identifying claim terms that require construction by the Court and providing proposed constructions of such terms, including the undisputed claim terms identified above, Defendants reserve all rights to challenge all claims and claim terms of the '633 patent as failing to meet one or more requirements of 35 U.S.C. §§ 101 – 103 and/or 112, as well as on the basis of any other defense(s) and/or counterclaim(s) Defendants have asserted in this matter. All parties hereby reserve their rights to amend, supplement, add-to, or withdraw any of their respective proposed claim terms for construction and/or proposed constructions without prejudice and as the circumstances warrant.

| | CHART B – DISPUTED CLAIM TERMS OF THE '633 PATENT | | | |
|---|---|---|---|---|
| No. | Claim Term | MPV's Proposed Construction or Position | Deluxe's Proposed Construction or Position | WB/Technicolor's Proposed Construction or Position |
| 1. | **"markings"**<br><br>(Claims 3, 4, 7, 11, 12, 15, 19, 20, 22-25) | "a change to at least one readable property of the medium" | "readable content added to the medium" | There is no need to define this term. This term should be accorded its plain and ordinary meaning to one of ordinary skill in the pertinent art. Further defining this term will not assist the trier of fact to better understand its meaning.<br><br>WB/Technicolor believe that the correct "markings" terms to be construed are those set forth by WB/Technicolor below in No. 3. |
| 2. | **"sequence of markings . . . which can be read out together with the information intended for reproduction"**<br><br>(Claims 3, 4, 7);<br><br>**"wherein said markings are readable together with the information intended for reproduction"**<br><br>(Claims 11, 12, 15);<br><br>**"said markings . . . being readable together with said analog information"**<br><br>(Claims 19, 20, 22-25) | There is no need to define this term beyond defining the term "markings" as proposed by MPV above in No. 1. In all other respects, this term should be accorded its plain and ordinary meaning to one of ordinary skill in the pertinent art. Further defining this term will not assist the trier of fact to better understand its meaning. | "markings are concurrently recognized for reproduction [play back] in the same manner as and in addition to the information intended for reproduction" | There is no need to define this term. This term should be accorded its plain and ordinary meaning to one of ordinary skill in the pertinent art. Further defining this term will not assist the trier of fact to better understand its meaning. |

3

| | CHART B – DISPUTED CLAIM TERMS OF THE '633 PATENT | | | |
|---|---|---|---|---|
| No. | Claim Term | MPV's Proposed Construction or Position | Deluxe's Proposed Construction or Position | WB/Technicolor's Proposed Construction or Position |
| 3. | **"a sequence of markings which individualizes the medium"** (Claims 3, 4, 7); **"a sequence of markings . . . which markings individualize the medium"** (Claims 11, 12, 15); **"a sequence of markings . . . said markings individualizing said medium"** (Claims 19, 20, 22-25) | There is no need to define this term beyond defining the term "markings" as proposed by MPV above in No. 1 and defining the respective terms "individualizes the medium", "individualize the medium", and "individualizing the medium" as proposed and agreed by the parties above in No. 2 of Chart A. In all other respects, this term should be accorded its plain and ordinary meaning to one of ordinary skill in the pertinent art. Further defining this term will not assist the trier of fact to better understand its meaning. | Deluxe believes that the correct terms in this phrase are to be construed as those set forth by Deluxe above in No. 1 and as proposed and agreed by the parties above in No. 2 of Chart A. | "an identifier whose distinctive characteristics permit the identification of the medium regardless of the identifier's location on the medium" |

Respectfully submitted this 18th day of April, 2011.

| | |
|---|---|
| s/ Sean E. Jackson | s/ Daniel M. Lechleiter (with permission) |
| Andrew M. Riddles | Phoebe Anne Wilkinson |
| Sean E. Jackson (*pro hac vice*) | **CHADBOURNE & PARKE LLP** |
| **CROWELL & MORING LLP** | 30 Rockefeller Plaza |
| 590 Madison Avenue, 20th Floor | New York, NY  10112 |
| New York, NY  10022 | Ph:  (212) 408-1157 |
| Ph:  (212) 223-4000 | Fax:  (212) 541-5369 |
| Fax:  (212) 223-4134 | pwilkinson@chadbourne.com |
| ariddles@crowell.com | |
| sjackson@crowell.com | Daniel M. Lechleiter (*pro hac vice*) |
| | R. Trevor Carter (*pro hac vice*) |
| *Attorneys for Plaintiff Medien Patent Verwaltung AG* | **BAKER & DANIELS LLP** |
| | 300 North Meridian Street, Suite 2700 |
| | Indianapolis, IN  46204 |
| | Ph:  (317) 237-0300 |
| s/ Julie P. Bookbinder (with permission) | Fax:  (317) 237-1000 |
| Scott J. Bornstein | daniel.lechleiter@bakerd.com |
| Allan A. Kassenoff | trevor.carter@bakerd.com |
| Julie P. Bookbinder | |
| **GREENBERG TRAURIG, LLP** | *Attorneys for Defendants Warner Bros. Entertainment Inc. and Technicolor Inc.* |
| MetLife Building | |
| 200 Park Avenue, 34th Floor | |
| New York, NY  10166 | |
| Ph:  (212) 801-9200 | |
| Fax:  (212) 801-6400 | |
| bornsteins@gtlaw.com | |
| kassenoffa@gtlaw.com | |
| bookbinderj@gtlaw.com | |
| | |
| *Attorneys for Defendant Deluxe Entertainment Services Group Inc.* | |