

590 Madison Avenue, New York, NY 10022-2524 ■ p212 223-4000 ■ f212 223-4134

Andrew Riddles
(212) 895-4209
ARiddles@crowell.com





January 17, 2012

**VIA FACSIMILE**

*MEMO ENDORSED*

Honorable Colleen McMahon
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: **Medien Patent Verwaltung AG v. Warner Bros. Entertainment Inc., et al.**
    **Civil Action No.: 1:10-cv-04119 (CM) (GWG)**

Dear Judge McMahon:

    This letter is submitted on behalf of Plaintiff Medien Patent Verwaltung AG and Defendants Warner Bros. Entertainment Inc., Technicolor Inc., and Deluxe Entertainment Services Group Inc. (collectively, "the parties") in response to the First Markman Ruling dated January 6, 2012 ("the Markman Ruling").

    In the Markman Ruling on page 3, the Court states that "There does not appear to be any dispute that the word 'sequence' means 'series or set.' There may be a dispute over whether a series or set can be a set of one . . . . . . The parties should clarify their positions on whether this issue (can a sequence consist of a set of one) can be resolved as a matter of intrinsic evidence, in letters of no more than two single spaced pages."

    The parties have conferred and agree that, based upon the intrinsic evidence, a "sequence" cannot consist of a set of one. That is, a "sequence of markings" requires two or more markings.

Respectfully submitted,
CROWELL & MORING LLP

Andrew M. Riddles
*Attorneys for Plaintiff Medien Patent Verwaltung AG*

*Thank you*
[signature] Colleen McMahon
1/17/12

Crowell & Moring LLP ■ www.crowell.com ■ Washington, DC ■ New York ■ Los Angeles ■ Orange County ■ London ■ Brussels

Honorable Colleen McMahon
January 17, 2012
Page 2


AGREED TO:


s/ Allan A. Kassenoff (with permission)
Allan A. Kassenoff
GREENBERG TRAURIG, LLP
*Attorneys for Defendant Deluxe Entertainment Services Group Inc.*



s/ Richard Trevor Carter (with permission)
Richard Trevor Carter
FAEGRE BAKER DANIELS LLP
*Attorneys for Defendants Warner Bros. Entertainment Inc. and Technicolor Inc.*