


Andrew Riddles
(212) 895-4209
ARiddles@crowell.com

July 6, 2012

**VIA FACSIMILE**

MEMO ENDORSED — I do not understand the stay of proceedings with the Markman ruling. Call my chambers to confer and set schedule.

Honorable Colleen McMahon
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: Medien Patent Verwaltung AG v. Warner Bros. Entertainment Inc., et al.
Civil Action No.: 1:10-cv-04119 (CM) (GWG)

Dear Judge McMahon:

We write on behalf of Plaintiff Medien Patent Verwaltung AG with regard to the above-referenced action. As Your Honor is aware, the disputed claim terms of the asserted patent, U.S. Patent No. 7,187,633, have been construed by the Court as set forth in its First Markman Ruling, dated January 6, 2012 (Dkt. No. 76) and its Supplemental Markman Ruling, dated March 7, 2012 (Dkt. No. 84).

Pursuant to Your Honor's instruction at the Initial Pretrial Conference on March 18, 2011, the parties have not engaged in any discovery pending further direction from the Court subsequent to the completion of claim construction. Accordingly, as of the date of this letter, discovery remains effectively stayed until such time as Your Honor orders otherwise.

Plaintiff believes that is now appropriate for the case to move forward with discovery and proceed towards trial. Accordingly, Plaintiff respectfully requests that Your Honor schedule a further Pretrial Conference at the Court's earliest convenience to discuss establishment of an appropriate case management plan including a trial date.

Honorable Colleen McMahon
July 6, 2012
Page 2

We are available to address any questions or issues at Your Honor's convenience.

Respectfully submitted,
CROWELL & MORING LLP

Andrew M. Riddles
*Attorneys for Plaintiff Medien Patent Verwaltung AG*

cc: Scott J. Bornstein, Esq. (by email)
Allan A. Kassenoff, Esq. (by email)
Julie P. Bookbinder, Esq. (by email)
Phoebe Anne Wilkinson, Esq. (by email)
Daniel M. Lechleiter, Esq. (by email)
Richard Trevor Carter, Esq. (by email)