USDS SDN
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/12

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

MEDIEN PATENT VERWALTUNG AG,

        Plaintiff,

        v.

WARNER BROS. ENTERTAINMENT, INC.,
TECHNICOLOR INC., and DELUXE
ENTERTAINMENT SERVICES GROUP INC.,

        Defendants.

----------------------------------------------------------x

Case No. 10 Civ. 4119 (CM)

**STIPULATED PROTECTIVE
ORDER RELATING TO
CONFIDENTIALITY**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Medien Patent Verwaltung AG and Defendants Warner Bros. Entertainment, Inc., Technicolor Inc., and Deluxe Entertainment Services Group Inc., through their respective counsel, hereby stipulate and agree that discovery in the above-entitled action may involve the disclosure of certain documents, things and information in the possession, custody or control of a party that constitute or contain trade secrets or other confidential research, development or commercial information or other confidential information within the meaning of Fed. R. Civ. P. 26(c). Accordingly, good cause exists for the entry of this Stipulated Protective Order Relating to Confidentiality ("Protective Order" or "Order") pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case.

Plaintiff and Defendants therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties to this civil action ("Action"), or provided by or obtained from non-parties in this Action.

## SCOPE

1.    This Protective Order shall apply to all documents, correspondence between counsel, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action, including all copies, excerpts, summaries, compilations, designations and portions thereof, and all electronically compiled, stored, and recorded versions thereof, as well as testimony and oral conversations derived therefrom or related thereto (collectively, "Discovery Material").

2.    "Producing Party" shall refer to any party to this Action and any non-party who produces Discovery Material in this Action, and "Receiving Party" shall refer to any party or individual who properly receives, is shown, inspects, or is exposed to Discovery Material.

3.    The term "Designated Party Representative" shall refer to the following individuals associated with each party (up to three individuals per party):

    a.  For Medien Patent Verwaltung AG: Gerhard Lehmann (non-attorney), Dr. Iris Minx (non-attorney), and Irving Kagan (attorney).

    b.  For Warner Bros. Entertainment, Inc.: Wayne Smith (attorney).

    c.  For Technicolor Inc.: Meggan Ehret (attorney), Rick Green (attorney), and David Gilmartin (non-attorney).

    d.  For Deluxe Entertainment Services Group Inc.: Steven Fasman (attorney), Scott Ehrlich (attorney), and Warren Stein (non-attorney).

## DESIGNATION

4.    Any Producing Party may designate Discovery Material as CONFIDENTIAL or

HIGHLY CONFIDENTIAL in accordance with this Protective Order if such party in good faith

believes that such Discovery Material contains CONFIDENTIAL or HIGHLY CONFIDENTIAL

information as defined herein.  The burden of establishing that Discovery Material is

CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing

Party.  The designation of any Discovery Material as CONFIDENTIAL or HIGHLY

CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the

Producing Party withdraws the designation.

5.    CONFIDENTIAL Discovery Material shall mean information that a Producing

Party believes in good faith to be proprietary business information or technical information

within the meaning of Fed. R. Civ. P. 26(c).  CONFIDENTIAL Discovery Material may also

include material received by a Producing Party from a third party that the Producing Party

believes in good faith is subject to restriction regarding the disclosure of such material.

6.    HIGHLY CONFIDENTIAL Discovery Material shall mean information that a

Producing Party believes in good faith to be so commercially sensitive and confidential that

disclosure to persons other than those authorized by this Order poses a risk of substantially

impairing the interests of the Producing Party.  Such HIGHLY CONFIDENTIAL Discovery

Material may be, without limitation, related to any of the following categories: trade secrets;

financial, sales, marketing or commercial information; patent prosecution (excepting information

in the public record); unpublished research; laboratory notebooks; and non-public research and

development of new products.

7.      Discovery Material produced during the course of this Action within the scope of Paragraph 5 may be designated by the Producing Party as containing CONFIDENTIAL information by placing on each page and each thing a legend substantially as follows:

**"CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**
In the event that a party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

8.      Discovery Material produced during the course of this Action within the scope of Paragraph 6 may be designated by the Producing Party as containing HIGHLY CONFIDENTIAL information by placing on each page and each thing a legend substantially as follows:

**"HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER"**
In the event that a party chooses to produce documents in native format, the designation under this section may be made by (1) producing the documents in a database and including the designation in a separate database field, (2) affixing a label to the media on which the native

documents are being produced, (3) including the designation in the native document's file name, or (4) providing notice of such designation by any other means agreed to in writing by both the Receiving Party and the Producing Party. To the extent a party intends to use a document produced in native format for depositions, pleadings, trial, or for any other purpose where the identification of individual pages is necessary, that party shall number the individual pages of the document (such that, for example, with respect to information produced in native format and marked with the bates number "227543," a party wishing to use that information in a deposition will number the individual pages as "227543.1, 227543.2, ...").

     9.    If a Producing Party elects to produce certain Discovery Material for inspection ("Inspection Material") and the Receiving Party desires to inspect the Inspection Material, no confidentiality, privilege, or immunity designations need be made by the Producing Party in advance of the initial inspection.  During the inspection, the Receiving Party shall maintain the confidentiality of all Inspection Material that it reviews by treating such Inspection Material as though it was designated HIGHLY CONFIDENTIAL hereunder, and there shall be no waiver of any privilege or immunity applicable to such Inspection Material.  Upon the Receiving Party's selection of specified Inspection Material for copying, the Producing Party shall thereafter have a reasonable opportunity to review the selected Inspection Material to determine if any privilege or immunity applies.  The Producing Party shall mark the copies of any non-privileged, non-immune Inspection Material as may contain protected subject matter with the appropriate designation at the time the copies are produced to the Receiving Party.  Nothing in this paragraph shall be construed as negating the applicability of Paragraphs 21 and 22 to the procedures set forth under this paragraph or any Inspection Material.

10.     Anything filed with the Court that contains CONFIDENTIAL or HIGHLY
CONFIDENTIAL Discovery Material shall be filed under seal according to the Court's
procedures.  The Clerk of Court shall maintain under seal all material filed in this Action which
has been marked or designated, in whole or in part, as CONFIDENTIAL or HIGHLY
CONFIDENTIAL and filed in accordance with this paragraph. The sealed material shall not be
opened or released from the custody of the Clerk of Court except by order of the Court.

USE

11.     Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL
under this Protective Order may be used only for purposes of this Action and any appeal
therefrom, and shall not be used for any other purpose including, but not limited to, any business,
proprietary, commercial, legal, or governmental purpose, or in connection with the preparation or
prosecution of any patent application, except that if the Producing Party is Plaintiff, Defendant
Warner Bros. Entertainment, Inc., or Defendant Technicolor Inc., the Discovery Material may be
used for purposes of the litigation now pending in Germany captioned *Medien Patent Verwaltung
AG v. Warner Bros. Pictures Germany GmbH* ("German Litigation") provided that any such
Discovery Material is, at all times during the course of the German Litigation, treated in
accordance with this Protective Order.  This Protective Order does not preclude a Producing
Party from using or disseminating its own CONFIDENTIAL or HIGHLY CONFIDENTIAL
Discovery Material for any purpose whatsoever.

12.     At the deposition or testimony of any party's employee, corporate representative
or retained expert, such deponent or witness may be shown CONFIDENTIAL or HIGHLY
CONFIDENTIAL Discovery Material of that party.  At the deposition or testimony of any other
person, such deponent or witness may be shown CONFIDENTIAL or HIGHLY

CONFIDENTIAL Discovery Material of another person or party if (a) the deponent or witness is

specifically identified in the particular Discovery Material as an author or recipient of such

Discovery Material or a copy thereof; (b) the deponent or witness otherwise had prior knowledge

of the content of the particular Discovery Material; (c) the deponent or witness is or was an

officer, director, member, partner, employee, or agent of the Producing Party and the particular

Discovery Material was created by the Producing Party or its predecessor(s) before or during the

time of the deponent's or witness's affiliation, employment, or agency with the Producing Party

or its predecessor(s); or (d) such Discovery Material is identified to counsel for the Producing

Party five (5) business days before the deposition and the written consent of the Producing Party

is obtained.

   13. All Discovery Material designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains

an order of the Court declaring that all or certain portions of such Discovery Material are not in

fact CONFIDENTIAL or HIGHLY CONFIDENTIAL.

   14. Non-parties may designate Discovery Material they may produce as

CONFIDENTIAL or HIGHLY CONFIDENTIAL to the same extent and in the same manner as

parties to this Action, and any such Discovery Material shall be treated by the parties to this

Action in the same manner as Discovery Material so designated by a party.  Non-parties

producing Discovery Material in this Action shall have the same rights and obligations under this

Protective Order as parties and may move the Court to enforce the provisions of this Protective

Order.

## DISCLOSURE

15.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

    a.  any outside attorney of record in the Action.  Outside attorneys are those not internally employed by a party or related entity and include attorneys employed by law firms of record even if not otherwise identified specifically on pleadings;

    b.  the attorney Designated Party Representatives identified in Paragraph 3;

    c.  support personnel for attorneys and individuals listed in Paragraphs 15(a), (b), & (d), such as law clerks, analysts, paralegals, secretaries, interpreters, translators and clerical staff employed by said attorneys or individuals and assisting in connection with this Action;

    d.  any outside expert or consultant who is expressly retained by any attorney described in Paragraph 15(a) to assist in connection with the Action;

    e.  any interpreter, court or other shorthand reporter or typist, or videographer translating, recording, or transcribing testimony or other Discovery Material;

    f.  service contractors (such as document scanning, copying, or translation services), jury consultants and graphic artists, mock jurors, and attorneys or paralegals hired to review documents in the Action;

    g.  personnel of the Court having jurisdiction of the Action and all appropriate courts of appellate jurisdiction; and

    h.  any other person agreed to by the Producing Party in writing.

16.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the persons specified in Paragraph 15 with the addition of non-attorney Designated Party Representatives identified in Paragraph 3 and support personnel for that person, such as those identified in Paragraph 15(c).

17.     Prior to disclosing CONFIDENTIAL or HIGHLY CONFIDENTIAL information to a Receiving Party's Designated Party Representative pursuant to Paragraph 15(b) or Paragraph 16, the Receiving Party must provide to the Producing Party a Declaration and Undertaking to be Bound by Protective Order ("Undertaking") in the form attached as Exhibit A.

18.     Prior to disclosing CONFIDENTIAL or HIGHLY CONFIDENTIAL information to a Receiving Party's proposed expert or consultant pursuant to Paragraph 15(d), the Receiving Party must provide to the Producing Party (a) an Undertaking in the form attached as Exhibit A, (b) the resume or curriculum vitae of the proposed expert or consultant, including identifying the proposed expert's or consultant's current employer, (c) the proposed expert's or consultant's current and past consulting relationships in the industry, and (d) a listing of cases in which the proposed expert or consultant has testified as an expert at trial or by deposition within the four year period preceding the date on which the expert or consultant executes Exhibit A. The Producing Party will thereafter have ten (10) business days from receipt of the Undertaking to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the Receiving Party may apply to the Court to resolve the matter. There will be no disclosure to any proposed individual falling within Paragraph 15(d) during the ten (10) business day objection period,

unless that period is explicitly waived by the Producing Party, in writing, or, if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

EXEMPTED MATERIALS

19.     The Receiving Party may seek to remove the confidentiality restrictions set forth herein on the ground that information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL does not fall within the definitions of CONFIDENTIAL or HIGHLY CONFIDENTIAL set forth in Paragraphs 4-6.  In such event, the Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this paragraph constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material as defined in Paragraphs 4-6.

20.     None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL has/had been:

a.   available to the public at the time of its production in this Action;

b.   available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

c.   lawfully known to such Receiving Party, or shown to have been independently developed by such Receiving Party by written evidence, prior to its production herein without use or benefit of the information; or

d.   previously produced, disclosed and/or provided by the Producing Party to the Receiving Party without an obligation of confidentiality.

## INADVERTENT PRODUCTION OR MISDESIGNATION

21.    The inadvertent production of Discovery Material subject to the attorney-client privilege, the attorney work-product doctrine, the joint-defense and/or common-interest privilege, or any other privilege or immunity will not waive that privilege or immunity. The fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. If a party has inadvertently produced Discovery Material subject to a claim of immunity or privilege, upon request, the Discovery Material and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after a request is made by the Producing Party, as required by Rule 26(b)(5)(B).[1]  Moreover, any notes or summaries, other than those expressly permitted under this paragraph, referring to or relating to any such inadvertently produced Discovery Material subject to a claim of immunity or privilege shall be destroyed.  Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the Discovery Material and generally describe its nature to the Court in any motion to compel production of the document.  Such a record of the identity and nature of a Discovery Material may not be used for any purpose other than preparation of a motion to compel in this Action and shall be treated as if it were bearing the same confidentiality designation, if any, as the Discovery Material to which it pertains.  After the return of the Discovery Material, the Receiving Party may challenge the Producing Party's claim(s) of privilege or immunity by making a motion to the Court within ten (10) calendar days of receiving notice that the Discovery Material was inadvertently produced.

---

[1]    *See also* Judge McMahon's Rules Governing Electronic Discovery ¶ 7.

22.     It is preferred that Discovery Material be designated as CONFIDENTIAL or
HIGHLY CONFIDENTIAL prior to, or contemporaneously with, its production or disclosure.
However, a Producing Party having produced or disclosed information without designating it as
CONFIDENTIAL or HIGHLY CONFIDENTIAL may later designate such information as
CONFIDENTIAL or HIGHLY CONFIDENTIAL by giving written notice to outside counsel of
the Receiving Party. The inadvertent failure by a party to designate Discovery Material as
CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not preclude the filing of a motion at a
later date seeking to impose such designation or challenging the propriety thereof. The party
receiving Discovery Material that the Producing Party inadvertently failed to designate as
CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be in breach of this Order for any use
made of such Discovery Material before the Receiving Party is informed of the inadvertent
failure to designate. Once the Receiving Party has been informed of the inadvertent failure to
designate pursuant to this paragraph, the Receiving Party shall treat the Discovery Material as if
it had been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as of the date of its
original production.

OBJECTION TO DESIGNATIONS

23.     Any party may object ("Objecting Party") to the designation by the Producing
Party of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The
process for making such an objection and for resolving the dispute shall be as follows:

      a. The Objecting Party shall notify the Producing Party in writing as to its
         objection(s) to the designations. This notice shall include, at a minimum, a
         specific identification of the designated Discovery Material objected to as well as
         the reason(s) for the objection, including why the Objecting Party believes that

the objected-to Discovery Material fails to meet one or more of the requirements of Paragraphs 4, 5, and/or 6.

    b.  The Objecting Party shall thereafter have the burden of conferring with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

    c.  Failing agreement, the Objecting Party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL and entitled to such protection under this Protective Order.

24.    Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, all such Discovery Material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) The party who designated the Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL withdraws such designation, in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

DEPOSITIONS

25.    A party may designate Discovery Material disclosed at a deposition as CONFIDENTIAL or HIGHLY CONFIDENTIAL by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have twenty one (21) calendar days after receipt of the deposition transcript to designate in writing to the other parties and to the court reporter whether the transcript or any portion thereof is to be designated as CONFIDENTIAL or

HIGHLY CONFIDENTIAL. During this twenty one (21) calendar day period, the transcript must

be treated as HIGHLY CONFIDENTIAL, unless the Producing Party consents, in writing, to less

confidential treatment of all or some of the transcript. If no such designation is made at the time

of the deposition or within this twenty one (21) calendar day period, the entire deposition will be

considered devoid of CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Each party

and the court reporter must attach a copy of any final and timely written designation notice to the

transcript and each copy of the transcript in its possession, custody or control, and the portions

designated in such notice must thereafter be treated in accordance with this Protective Order. It is

the responsibility of outside counsel of record for each party to maintain Discovery Material

containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information in a secure manner and

appropriately identified so as to allow access to such information only to such persons and under

such terms as is permitted under this Protective Order.

RETURN/DESTRUCTION OF MATERIALS

26.    Except as set forth in Paragraph 27, not later than sixty (60) days after the

termination of this Action, whether by judgment and exhaustion of all appeals, by dismissal (with

or without prejudice), or by settlement, all CONFIDENTIAL or HIGHLY CONFIDENTIAL

Discovery Material, including all copies thereof, shall be returned to the Producing Party or

destroyed, such election to be made by the Receiving Party, except that each party's outside

counsel may retain all papers filed with the Court, written discovery requests and responses,

expert reports, transcripts of testimony, exhibits, correspondence and their own work product for

archival purposes only.

27.    Discovery Material produced by Plaintiff, Defendant Warner Bros. Entertainment,

Inc., or Defendant Technicolor Inc. may be retained and used after termination of this Action for

-14-

purposes of the German Litigation. *See* Paragraph 11. Not later than sixty (60) days after the termination of the German Action, whether by judgment and exhaustion of all appeals, by dismissal (with or without prejudice), or by settlement, all CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material used for any purpose in the German Litigation, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's counsel of record in German Litigation may retain all papers filed in the German Litigation, written discovery requests and responses, expert reports, transcripts of testimony, exhibits, correspondence and their own work product for archival purposes only.

28.    The Receiving Party is solely responsible for ensuring compliance with Paragraphs 26 and 27. Upon complying with Paragraph 26 and/or Paragraph 27, the Receiving Party shall promptly notify the Producing Party, in writing, of such compliance and the manner thereof (i.e., return or destruction).

## CHANGES TO THIS PROTECTIVE ORDER

29.    This Protective Order may be changed only by written agreement of the parties or further order of the Court, and is without prejudice to the rights of any party to seek relief from or variation of any of its provisions.

## CONTINUING OBLIGATIONS OF CONFIDENTIALITY

30.    Except as otherwise expressly provided herein, the obligations of this Protective Order shall survive the termination of this Action and continue in full force and effect.

## OTHER PROCEEDINGS

31.    By entering into this Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that Discovery

Material may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order and who may be or becomes subject to a motion in another case to disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material produced in this Action by another person or party, shall promptly notify the Producing Party of the motion so that it may have an opportunity to appear and be heard on whether that Discovery Material should be disclosed.

## MISCELLANEOUS PROVISIONS

32.     This Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this Order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

33.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

34.     If at any time CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is subpoenaed, the party to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material and shall provide each such party with an opportunity to object to the production of such material. If the Producing Party does not move for a protective order within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after

the date set for production in the subpoena but not prior to the end of the ten (10) business day

notice period, such material in response thereto.

      35.    Counsel for any party to this Protective Order shall have the right to exclude from

depositions any person, other than the deponent, the deponent's counsel if the deponent is a non-

party deponent, the reporter, and the videographer, who is not authorized under this Protective

Order to receive Discovery Material designated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL. Such right of exclusion shall be applicable only during periods of

examination or testimony directed to CONFIDENTIAL or HIGHLY CONFIDENTIAL

Discovery Material. The failure of individuals other than those specified in the previous

sentence to leave the deposition room during any portion of the deposition which inquires into

Discovery Material deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL by the Producing

Party shall constitute justification for counsel to instruct the witness that he or she should not

answer the question unless and until such failure is cured.

      36.    All notices required by any paragraphs of this Protective Order are to be made by

email to counsel representing the noticed party. The date by which a party receiving notice shall

respond or otherwise take action shall be computed from the date of receipt of the notice, if it is

received before 5:00 p.m. in the receiver's local time, otherwise from the next business day. Any

of the notice requirements herein may be waived in whole or in part, but only in a writing signed

by an attorney for the party which was supposed to receive such notice.

      37.    Nothing in this Protective Order shall bar or otherwise restrict counsel from

rendering advice to his or her client with respect to this Action and, in the course thereof, relying

in a general way upon his or her examination of CONFIDENTIAL or HIGHLY

CONFIDENTIAL Discovery Material; provided, however, that in rendering such advice and in

otherwise communicating with a person not entitled to view CONFIDENTIAL or HIGHLY

CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of another

party's CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.

      38.     Execution of this Protective Order shall not constitute a waiver of the right of any

party to claim in this Action or otherwise that any Discovery Material, or any portion(s) thereof,

are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or

any other proceeding.

      39.     Each person or entity who receives CONFIDENTIAL or HIGHLY

CONFIDENTIAL Discovery Material agrees to subject himself/herself/itself to the jurisdiction

of this Court for the purpose of any proceedings relating to the performance under, compliance

with, or violation of this Protective Order.

      40.     Nothing in this Order shall prevent a party from using any Discovery Material

which is designated as entitled to protection under this Order at a hearing, trial or other

proceeding in this Action and such Discovery Material shall not lose its CONFIDENTIAL or

HIGHLY CONFIDENTIAL status through such use. The parties shall take all steps permitted by

the Court and reasonably required to protect the confidentiality of such designated Discovery

Material during such use.

      41.     The section titles in this Protective Order are for convenience of organization

only, and are not part of, nor are they relevant to the construction of this Protective Order.

STIPULATED TO AND APPROVED AS TO FORM:

Dated: _August 17, 2012_

Andrew M. Riddles
Sean E. Jackson
CROWELL & MORING LLP
590 Madison Avenue
New York, New York 10022
Phone: (212) 223-4000
Fax:   (212) 223-4134
ariddles@crowell.com
sjackson@crowell.com

Attorneys for Plaintiff

Dated: _8/17/12_

R. Trevor Carter (*pro hac vice*)
Daniel M. Lechleiter (*pro hac vice*)
FAEGRE BAKER DANIELS LLP
300 North Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Phone: (317) 237-0300
Fax:   (317) 237-1000
trevor.carter@faegrebd.com
daniel.lechleiter@faegrebd.com

Phoebe A. Wilkinson (SDNY Bar PW-3143)
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 408-1157
Fax:   (212) 541-5369
pwilkinson@chadbourne.com

Attorneys for Defendants Warner Bros.
Entertainment, Inc. and Technicolor Inc.

Dated: _8/17/12_

Scott J. Bornstein
Allan A. Kassenoff
Julie P. Bookbinder
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166
Phone: (212) 801-2172
Fax:   (212) 224-6146

-19-

BornsteinS@gtlaw.com

**Attorneys for Defendant Deluxe Entertainment
Services Group Inc.**

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED
### INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY
### ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the
Court a party to the stipulation or imply that the Court agrees that documents designated as
"Confidential" by the parties are in the fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused
by parties and that much material that is not truly confidential is designated as such. The Court
does not intend to be a party to such practices. The Court operates under a presumption that the
entire record should be publicly available.

The Court does not ordinarily file decisions under a seal or redact material from them. If
the Court issues a decision in this case that refers to "confidential" material under this
stipulation, the decision will be published for ten days. The parties must, within that ten day
period, identify to the Court any portion of the decision that one or more of them believe should
be redacted, provide the Court with the purportedly confidential material, and explain why that
material is truly confidential. The Court will then determine whether the material is in fact
genuinely deserving of confidential treatment. The Court will only redact portions of a publicly
available decision if it concludes that the material discussed is in fact deserving of such
treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed
confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the
Court will not sign the stipulation, and should allegedly confidential material be produced, the
parties will be referred to the magistrate judge for a document by document review and decision
on whether that document should be subject to confidential treatment.

SO ORDERED.

Dated: ___8_/_20_/_2012___

New York, New York

COLLEEN MCMAHON
United States District Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MEDIEN PATENT VERWALTUNG AG,                    Case No. 10 Civ. 4119 (CM)

                    Plaintiff,

              v.                                **DECLARATION AND
                                                UNDERTAKING TO BE BOUND
WARNER BROS. ENTERTAINMENT, INC.,               BY STIPULATED PROTECTIVE
TECHNICOLOR INC., and DELUXE                    ORDER RELATING TO
ENTERTAINMENT SERVICES GROUP INC.,              CONFIDENTIALITY**

                    Defendants.
-------------------------------------------------------------x


I, _____ declare that:

1.    My residence address is _____.

2.    My current employer and its address is_____

      _____.

3.    My current occupation or job description is _____.

4.    [Experts Only] Pursuant to Paragraph 18 of the attached Protective Order, I have attached

(a) my current resume or curriculum vitae, which identifies my current employer, (b) my current

and past consulting relationships in the industry, and (c) a listing of cases in which I have

testified as an expert at trial or by deposition within the preceding four years.

5.     I have received and read the Stipulated Protective Order Relating to Confidentiality ("Order") in the above-entitled action and I understand its provisions. I agree to be bound by the terms of the Order.

6.     I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature: _____