IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MEDIEN PATENT VERWALTUNG AG,

                Plaintiff,

        v.

WARNER BROS. ENTERTAINMENT, INC.,
TECHNICOLOR INC., and DELUXE
ENTERTAINMENT SERVICES GROUP INC.,

                Defendants.
-----------------------------------------------------------------x

Case No. 10 Civ. 4119 (CM)

**DEFENDANT DELUXE ENTERTAINMENT SERVICES GROUP INC.'S
STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF NON-INFRINGEMENT OF THE PATENT-IN-SUIT**

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendant Deluxe Entertainment Services Group Inc. ("Deluxe") contends that there is no genuine dispute to be tried with respect to the following facts.

1. On May 19, 2010, Medien Patent Verwaltung AG ("MPV") filed its Complaint and Demand for Jury Trial ("Complaint"), accusing Deluxe of infringing claims 3, 4, 7, 11, 12, 15, 19, 20 and 22-25 of the U.S. Patent No. 7,187,633 (the "'633 patent"). (Dkt No. 1).

2. The Complaint alleged that "[s]ince the issuance of the '633 Patent, Deluxe has manufactured, sold, and distributed thousands of motion picture film prints in the United States incorporating the anti-piracy invention of the '633 Patent." (Dkt No. 1, ¶ 30).

3. MPV's Complaint contained allegations that Deluxe has directly and indirectly infringed the '633 patent. (Dkt No. 1, ¶¶ 38-39).

4. On May 21, 2010, MPV served an Amended Complaint which included virtually identical allegations to the Complaint. (Dkt No. 3).

5. On March 18, 2011, the Court conducted an initial pretrial conference and ordered the parties to submit a list of disputed claim terms and stayed discovery in the case pending the Court's Markman decision. (March 18, 2011 Minute Entry).

6. On April 18, 2011, the parties submitted a Joint Claim Construction Statement, identifying the claim terms in dispute and each party's proposed constructions thereof. (Dkt No. 68).

7. On April 19, 2011, the Court issued its Markman Briefing Schedule (Phase I) and instructed the parties to limit their briefing to the intrinsic evidence. (Dkt No. 69).

8. On January 6, 2012, the Court issued its First Markman Ruling. (Dkt No. 76).

9. On February 6, 2012, MPV submitted the Declaration of William R. Rosenblatt and Deluxe submitted the Affidavit of Howard J. Flemming in an effort to assist the Court. (Dkt Nos. 79 & 81).

10. On February 16, 2012, both experts submitted rebuttal reports. (Dkt Nos. 82 & 83).

11. On March 7, 2012, the Court issued its Supplemental Markman Ruling. (Dkt No. 84).

12. In its Supplemental Markman Ruling, the Court construed the claimed "markings" as "readable content added to a medium that changes at least one readable property of a medium." (Dkt No. 84, at 4). The Court further explained that the patent-in-suit's markings "cannot consist of material that is deleted from the soundtrack." (*Id.* at 3). To the contrary, "the markings claimed by the '633 patent *must consist of content that is added to the medium*; the patent does not teach markings that consist of deletions from the medium." (*Id.* (emphasis added)).

13. Deluxe Laboratories, Inc. ("Deluxe Labs") is a wholly owned subsidiary of defendant Deluxe. (Affidavit of Joseph Wary In Support of Deluxe's Motion For Summary Judgment Of Non-Infringement ("Wary Aff."), at ¶ 1).

14. Deluxe Labs provides various services to the entertainment industry, including services related to the processing and printing of film for theatrical release. (Wary Aff., at ¶ 2).

15. Deluxe Labs offers its film processing customers the option to have their films printed with "FCT Sound." (Wary Aff., at ¶ 3).

16. "FCT" stands for "Forensic Coding Technology." (Wary Aff., at ¶ 3).

17. The FCT Sound process is performed during the film printing process. Specific areas of the film are exposed to a light emitting diode (LED) in order to delete portions of the analog soundtrack. These deletions, also referred to as mutes or micro-second cancellations, result in a unique five digit code. The code pattern provides the unique print number and destination. These codes are hidden in sound effects so that the audience does not notice them. (Wary Aff., at ¶ 4).

18. The FCT Sound process described above is the only process performed by Deluxe Labs or Deluxe to encode a unique identifier on an individual soundtrack accompanying a film print. (Wary Aff., at ¶ 5).

19. Attached as Exhibits A and B to the Wary Affidavit are portions of film medium that have undergone Deluxe's FCT Sound process. (Wary Aff., at ¶ 6 & Exs. A, B).

20. The analog sound track appears below the sprocket holes and above the picture information. The white portion of the analog sound track is the sound information. The blue ovals are the result of the film medium having undergone the FCT Sound process. (Wary Aff., at ¶ 7).

21. The sound track portion where the blue ovals appear has been exposed to a light emitting diode (LED), thus deleting the sound content that had been located at that spot. (Wary Aff., at ¶ 8).

Dated: August 24, 2012

By: /s/ Allan A. Kassenoff

Scott J. Bornstein
E-mail: bornsteins@gtlaw.com
Allan A. Kassenoff
E-mail: kassenoffa@gtlaw.com
Julie P. Bookbinder
E-mail: bookbinderj@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building

                          200 Park Avenue
                          New York, New York 10166
                          Telephone: (212) 801-9200
                          Facsimile: (212) 801-6400

                          **COUNSEL FOR DELUXE ENTERTAINMENT SERVICES GROUP INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on August 24, 2012, the foregoing was served upon all counsel of record via electronic service.

                  /s/  Allan A. Kassenoff
                   Allan A. Kassenoff