IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDIEN PATENT VERWALTUNG AG,<br><br>                              Plaintiff,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT, INC., TECHNICOLOR INC., and DELUXE ENTERTAINMENT SERVICES GROUP INC.,<br><br>                              Defendants. | Civil Action No. 1:10-cv-04119-CM<br><br>**JURY TRIAL DEMANDED** |

### AMENDED ANSWER OF DELUXE ENTERTAINMENT SERVICES GROUP INC. TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Deluxe Entertainment Services Group Inc. ("Deluxe") responds to the Amended Complaint of Plaintiff Medien Patent Verwaltung AG ("MPV" or "Plaintiff") as follows:

### DELUXE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

1. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the same.

2. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies the same.

4. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies the same.

5. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies the same.

6. Deluxe admits that it is a Delaware corporation. Deluxe denies the remaining allegations of Paragraph 6.

7. Deluxe denies the allegations of Paragraph 7.

8. Deluxe admits that Plaintiff purports to allege an action for patent infringement arising under 35 U.S.C. §§ 101 et seq. At this time, Deluxe does not contest this Court's subject matter jurisdiction over Plaintiff's patent infringement claims.

9. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies the same.

10. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11. Deluxe does not contest personal jurisdiction at this time. Deluxe denies the remaining allegations of Paragraph 11.

12. Deluxe does not contest at this time that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b). Deluxe denies the remaining allegations in Paragraph 12 as they pertain to Deluxe and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 as they pertain to other defendants and therefore denies the same.

13. Deluxe admits that U.S. Patent No. 7,187,633 ("the '633 patent") is entitled "Marking of a data medium material for information intended for reproduction." Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies the same.

14. Deluxe denies that the '633 patent was duly and legally issued. Deluxe admits that the face of the '633 patent indicates that the United States Patent and Trademark Office issued the '633 patent on March 6, 2007. Deluxe further admits that the face of the '633 patent lists Gerhard Lehmann as the alleged inventor. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies the same.

15. Deluxe admits that the face of the '633 patent indicates that the '633 patent issued from a United States patent application filed on May 14, 2004. Deluxe further admits that the face of the '633 patent indicates that this application claimed priority to a European patent application filed on July 11, 2003. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies the same.

16. Deluxe admits the allegations of Paragraph 16.

17. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

18. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20. Deluxe admits that MPV purports to assert claims 3, 4, 7, 11, 12, 15, 19, 20, and 22 through 25 (inclusive) of the '633 patent. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies the same.

NY 242,396,867v1

21. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies the same.

26. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies the same.

27. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30. Deluxe denies the allegations of Paragraph 30.

31. Deluxe admits that it manufactured prints of the 2008 film "Indiana Jones and the Kingdom of the Crystal Skull" for theatrical exhibition throughout the United States. Deluxe denies the remaining allegations of Paragraph 31.

32. Deluxe denies the allegations of Paragraph 32.

33. Deluxe denies the allegations of Paragraph 33 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 as they pertain to other defendants and therefore denies the same.

34. Deluxe denies the allegations of Paragraph 34 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 as they pertain to other defendants and therefore denies the same.

35. Deluxe denies the allegations of Paragraph 35 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 as they pertain to other defendants and therefore denies the same.

36. Deluxe denies the allegations of Paragraph 36 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 as they pertain to other defendants and therefore denies the same.

37. Paragraph 37 contains no statement of fact and therefore requires no admission or denial.

38. Deluxe denies the allegations of Paragraph 38 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 as they pertain to other defendants and therefore denies the same.

39. Deluxe denies the allegations of Paragraph 39 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 as they pertain to other defendants and therefore denies the same.

40. Deluxe denies the allegations of Paragraph 40 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 as they pertain to other defendants and therefore denies the same.

NY 242,396,867v1

41. Deluxe denies the allegations of Paragraph 41 as they pertain to Deluxe. Deluxe lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 as they pertain to other defendants and therefore denies the same.

## PRAYER FOR RELIEF

Deluxe incorporates herein by reference its Answers to Paragraphs 1 through 41 of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any relief or judgment against Deluxe.

Deluxe admits that the Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

Deluxe asserts the following affirmative defenses to the causes of action asserted in Plaintiff's Amended Complaint, undertaking to prove only those defenses on which it bears the burden of proof under the applicable law.

1. Deluxe has not and does not infringe any valid and enforceable claim of the '633 patent, either literally or under the doctrine of equivalents.

2. Deluxe has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '633 patent, either literally or under the doctrine of equivalents.

3. The '633 patent, and each claim thereof, is invalid for failing to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

4. The '633 patent is unenforceable because Plaintiff has misused the '633 patent by attempting to enforce it despite knowing that it is invalid and unenforceable.

5. Plaintiff's claim for patent infringement is barred against Deluxe under the doctrine of prosecution history estoppel.

6. Plaintiff's claims are barred by waiver, laches and equitable estoppel.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Plaintiff is estopped from asserting a construction of any claim of the '633 patent in any manner inconsistent with prior positions taken before the United States Patent and Trademark Office or any court of law.

9. Deluxe reserves the right to add to or amend this list of Affirmative Defenses with additional defenses that discovery may yield.

## COUNTERCLAIMS

1. Deluxe Entertainment Services Group Inc. is a corporation organized and existing under the laws of the State of Delaware.

2. Upon information and belief, MPV is a Swiss corporation having a permanent place of business in Brunnen, Ingenbohl, Switzerland.

3. These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. Venue is technically proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400.

5. Plaintiff has asserted that Deluxe infringes the '633 patent. An actual controversy exists between Deluxe and Plaintiff over alleged infringement, invalidity and unenforceability of the '633 patent.

**FIRST COUNTERCLAIM – NONINFRINGEMENT OF THE '633 PATENT**

6. Deluxe incorporates and realleges Counterclaim Paragraphs 1 through 5 as though fully set forth herein.

7. Deluxe has not infringed and does not infringe any valid, enforceable claim of the '633 patent, either literally or under the doctrine of equivalents.

8. Deluxe has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '633 patent, either literally or under the doctrine of equivalents.

9. Deluxe seeks a declaratory judgment that it has not infringed and does not infringe any valid, enforceable claim of the '633 patent, either literally or under the doctrine of equivalents.

10. Deluxe seeks a declaratory judgment that it has not and does not contribute to and/or induce infringement by others of any valid and enforceable claim of the '633 patent, either literally or under the doctrine of equivalents.

**SECOND COUNTERCLAIM – INVALIDITY OF THE '633 PATENT**

11. Deluxe incorporates and realleges Counterclaim Paragraphs 1 through 10 as though fully set forth herein.

12. The '633 patent, and each claim thereof, is invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

13. Deluxe therefore seeks a declaratory judgment that each claim of the '633 patent is invalid for failure to satisfy one or more requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*

NY 242,396,867v1

**PRAYER FOR RELIEF**

Deluxe respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. An order and judgment declaring that Deluxe does not infringe any claim of the '633 patent;

b. An order and judgment declaring that the claims of the '633 patent are invalid and/or unenforceable;

c. Dismissal of the Amended Complaint with prejudice;

d. An order declaring this case exceptional and awarding Deluxe its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. Any other relief that the Court may deem appropriate and just under the circumstances.

Dated: September 14, 2012                    Respectfully submitted,

GREENBERG TRAURIG, LLP

By:  s/ *Allan A. Kassenoff*_____
Scott J. Bornstein
bornsteins@gtlaw.com
Allan A. Kassenoff
kassenoffa@gtlaw.com
Julie P. Bookbinder
bookbinderj@gtlaw.com
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Deluxe Entertainment Services Group Inc.*