UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────── x

MEDIEN PATENT VERWALTUNG AG,

    Plaintiff,

    -against-                                          No. 10 Civ. 4119 (CM) (GWG)

WARNER BROS. ENTERTAINMENT INC.,
TECHNICOLOR INC. and DELUXE
ENTERTAINMENT SERVICES GROUP INC.,

    Defendant.
─────────────────────────────────────────── x

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DELUXE GROUP'S MOTION TO STAY PROCEEDINGS

Presently before the court is Deluxe's motion to stay proceedings pending an interlocutory appeal of liability issues, which is expressly authorized by 28 U.S.C. § 1292(c)(2). Deluxe noticed its interlocutory appeal of the Court's liability rulings on February 25, 2014. A decision on the appeal from the Federal Circuit likely will not issue for a year or more—long after the scheduled date for the trial on damages, which is set for June of this year.

This case was filed in 2010. MPV is a small company formed by Gerhard Lehmann, the inventor of the patented technology. The record suggests that MPV has struggled to survive in the face of what is describes as rampant infringement of its patent, both here and in Europe. Financing this litigation has imposed a substantial hardship on MPV and Mr. Lehmann personally. MPV argues that it should not have to wait another year before having a jury determine the compensation to which MPV is entitled for Deluxe's infringement. In view of

Deluxe's failure to demonstrate a reasonable probability that this Court's rulings will be overturned, I agree with MPV. The motion for a stay is denied.

I.      **Deluxe Has Failed to Demonstrate a "Substantial Possibility" That It Will Prevail in Its Interlocutory Attack on this Court's Liability Rulings.**

The decision whether to stay a damages trial pending an interlocutory appeal pursuant to 28 U.S.C. § 1292(c)(2) rests in the sound discretion of the district court. *See In re Calmar, Inc.*, 854 F.2d 461, 463 (Fed. Cir. 1988) (noting that "in recognition of the district court's discretion, this court has repeatedly denied, in unpublished opinions, motions to stay damages trials during appeals in patent cases"); *cf. Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 112 (2d Cir. 2012) (finding district court did not abuse its discretion in denying motion to stay civil case pending resolution of related criminal proceeding); *Northwestern Nat'l Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214, 218 (S.D.N.Y. 2011) (denying motion to stay operation of disqualification order pending appeal). With particular reference to appeals under Section 1292(c)(2), one noted commentator has observed that "the court should not grant a stay in these cases as a matter of course but should consider carefully the harm that a stay might cause to the party who has obtained judgment and balance this against the harm that denial of a stay would cause the losing party." 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2902 (1995) (cited with approval in *Briggs & Stratton Corp. v. Kohler Co.*, No. 05-0025, 2006 WL 5866672, at *2 (W.D. Wis. Jul. 12, 2006)).

In its brief, Deluxe suggests that this Court should stay the damages trial as long as Deluxe has a "substantial possibility" of success on the merits of its appeal. Deluxe Mem. at 7 (Dkt. 204, filed under seal). Indeed, Deluxe's motion rests primarily on its assumption that the Federal Circuit is going to reverse this Court's rulings on claim construction, infringement and/or

validity. *See* Deluxe Mem. at 7-8. But this Court (not surprisingly) does not believe that Deluxe enjoys a substantial possibility of success on appeal. Therefore, I do not find Deluxe's justification for imposing a stay persuasive.

The Federal Circuit is, of course, free to conclude that there is a substantial likelihood of reversal and to impose a stay on this court, which I will perforce respect. But Deluxe has not offered me any reason to doubt the correctness of my previous rulings – at least one of which I described as "not even a close issue." *See, e.g.*, Dkt. 156 at 22. Since "[t]he person seeking a stay 'bears the burden of establishing its need,'" *Louis Vuitton*, 676 F.3d at 97 (*quoting Clinton v. Jones*, 520 U.S. 681, 708 (1997)), the motion is denied.

## II. Deluxe Has Failed to Demonstrate that the Other Traditionally Considered Factors Weigh in Favor of a Stay.

In addition to focusing on the movant's likelihood of success on appeal, the following five factors are often considered in ruling on a motion to stay: (1) the private interests of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed; (2) the private interests of and burden on the defendant; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Pippins v. KPMG LLP*, No. 11-0377, 2011 WL 1143010, at *6 (S.D.N.Y. Mar. 21, 2011); *see also Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 482 (S.D.N.Y. 2007) ("These factors are to be balanced, with the principal objective being the avoidance of unfair prejudice."); *Consol. Edison Co. of N.Y. v. United States*, 30 F. Supp. 2d 385, 389 (S.D.N.Y. 1998) (declining to grant a stay upon balancing of factors). Here, the balance of these factors weigh in favor of denying Deluxe's motion and permitting the damages trial to proceed as scheduled.

## A. MPV Will Suffer Significant Prejudice as a Result of Further Delaying the Ultimate Resolution of this Case.

Deluxe casually dismisses the possibility of any harm to MPV as a result of staying the damages trial, and even goes so far as to suggest that MPV might *benefit* from the requested stay. Deluxe Mem. at 4. In doing so, Deluxe attempts to disparage MPV as "a non-practicing entity," apparently hoping to take advantage of the general disfavor in which patent assertion entities are held today. However, MPV is not a "patent troll," but instead is a small company run by the inventor of the technology that Deluxe misappropriated, whose commercialization efforts were frustrated by rampant infringement both in the United States and in Europe by Deluxe and former defendant Technicolor. *See* Dep. of G. Lehmann, Feb. 19-20, 2013, at 153:13-157:15; 182:19-186:9; 195:11-196:6; 208:25-209:20; 232:17-233:18; 427:25-430:16 (Jackson Decl. Exh. 1). Indeed, it is at least in part because of the fact that MPV was blocked from commercializing Mr. Lehmann's invention that further delaying the ultimate resolution of this case will inflict substantial prejudice on MPV.

The cost of this litigation has imposed substantial financial hardship on MPV and Mr. Lehmann personally. While MPV certainly knew at the time it initiated this lawsuit that it might take several years to recover any damages, the stay that Deluxe now seeks could quite conceivably contribute to delaying such payment until well into 2016, more than three years after this Court ruled that Deluxe had infringed MPV's patent, and nearly six years after MPV filed suit.[1] In addition to the axiom that "justice delayed is justice denied," it is a practical reality that

---

[1] Accepting the average pendency figure cited by Deluxe (*i.e.*, 10.5 months from docketing of a Federal Circuit appeal to disposition), a decision on the interlocutory appeal would come

(continued...)

- 4 -

the longer litigation lasts, the more expensive it will be. Allowing Deluxe to drag this case out even further by staying the damages trial will impose even more financial hardship on MPV for a longer period of time.

### B. Deluxe Will Not Be Unduly Burdened by Going Forward with the Damages Trial as Scheduled.

Deluxe argues that the requested stay will avoid a "burdensome and expensive" proceeding, but its argument fails on two counts. Deluxe Mem. at 5. First, if this Court's ruling prove correct, the burden and expense of trial is only being delayed by a stay, not avoided. Second, it is notable that the trial will be limited to only two issues—damages and willfulness—and will likely take no longer than three days. Given that nearly all of the preparation work has been done already because the parties were facing an imminent trial date, the remaining burden and expense to complete the damages trial should be relatively modest.

### C. The Interests of the Court Will Be Served By Resolving this Case in the Most Expeditious Manner Possible, Not by Further Delay.

Deluxe's argument concerning the interests of the Court is premised on its expectation—which this Court does not share—that the Federal Circuit will reverse the Court's liability rulings. Deluxe suggests that the Federal Circuit "is close to settling an issue of law bearing on the action," but it fails to identify the supposedly unsettled issue of law, so I have no idea what

---

(continued)

sometime in January of 2015. If the Federal Circuit affirms this Court's liability decisions, a best-case scenario would likely have the damages trial occurring in March of 2015. Adding another two months to brief and decide post-trial motions, Deluxe would not be filing its next appeal until June or July of 2015. Assuming the same 10.5-month average pendency time, a decision on that next appeal would not issue until sometime in the spring or early summer of 2016.

- 5 -

Deluxe is talking about or whether it would have the slightest impact on this case. Deluxe Mem. at 5. As I do not anticipate reversal, the interests of the Court will be better served by conducting a trial as scheduled on damages and willfulness, and disposing of this case expeditiously.

### D. The Interests of Non-Parties Will Not Be Affected By the Court's Decision on the Present Stay.

In this particular case, the interests of non-parties will not be affected one way or the other by the Court's resolution of the present motion. Deluxe's general statement to the contrary is unpersuasive. *See* Deluxe Mem. at 6.

### E. Deluxe Has Failed to Demonstrate Any Public Interest in the Resolution of Its Stay Motion.

Apparently unwilling to acknowledge that there might be even one factor that does not weigh in its favor, Deluxe argues that the public interest favors a stay because conducting the damages trial now "would be a waste of judicial resources, and therefore tax dollars."[2] Deluxe Mem. at 6. Of course, this argument applies to every motion to stay pending appeal if one assumes, as Deluxe does, that the appeal will result in reversal. Not surprisingly, Deluxe fails to cite any cases that adopt this rationale. In truth, the Court's interest lies in concluding this matter and getting it off my docket. This is not the type of case that implicates the public interest, so this factor should be treated as neutral.

---

[2] Deluxe tries to bolster its argument by minimizing the period of delay that the requested stay would impose, suggesting that "it is likely that the appeal will be decided just months after the damages trial concludes." Deluxe Mem. at 6. As discussed above, a decision on the appeal likely would not be issued until early 2015, more than six months after the damages trial would be completed. Deluxe also ignores the likelihood that one or both parties will appeal some aspect of the final judgment, which will further delay the ultimate resolution.

## III. Conclusion

As far as this Court is concerned, Deluxe has failed to identify any basis for concluding that it has a "substantial possibility" of prevailing on its interlocutory appeal, and the other relevant factors either weigh in favor of denying Deluxe's motion or are neutral. Accordingly, the Court denies the motion for a stay and directs that the damages trial should proceed as scheduled. The Clerk of the Court is directed to remove Docket No. 202 from the Court's list of pending motions.

Dated: March 21, 2014

_____
U.S.D.J.

BY ECF TO ALL COUNSEL